Brian M. Mueller  (#009222)
**SHERMAN & HOWARD L.L.C.**
7033 E. Greenway Parkway, Suite 250
Scottsdale, Arizona 85254
Phone: (480) 624-2716
Fax: (480) 624-2029
E-mail: bmueller@shermanhoward.com
Firm email for Court documents:
info2@shermanhoward.com

*Attorneys for Plaintiffs Vomaris Wound Care, Inc. and Vomaris Innovations, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vomaris Wound Care, Inc. and Vomaris Innovations, Inc.<br><br>       Plaintiffs,<br><br>       v.<br><br>Jeffry B. Skiba and Lumi Skiba, husband and wife; Dr. Scott N. Sheftel and Jane Doe Sheftel, husband and wife; Lone Hill Investments, LLC, an Arizona limited liability company; and Ion Sportswear LLC, an Arizona limited liability company,<br><br>       Defendants. | Case No. **2:19-cv-04572-DLR**<br><br>**RESPONSE TO MOTION TO DISMISS AS TO SKIBA DEFENDANTS**<br><br>(oral argument requested) |

Plaintiffs Vomaris Wound Care, Inc. and Vomaris Innovations, Inc. (collectively "Vomaris" or "Plaintiffs"), by and through their attorneys, Sherman & Howard, LLC, respond to the Motion to Dismiss as to the Skiba Defendants (the "Motion") filed by defendants Jeffry B. Skiba and Lumi Skiba (the "Skibas"), and request that the Court deny the Motion in its entirety on the grounds that:

50602941.1

1. The Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging that the Court does not have jurisdiction to hear the claims asserted against the Skibas because of a Paragraph 14 contained in the Employment Agreement between Mr. Skiba and plaintiff Vomaris Innovations, Inc. that deals with "alternative dispute resolution;"

2. However, paragraph 14 does not support the Motion for various reasons. First, the Skibas knowingly waived the paragraph; and

3. Second, the Skibas have not satisfied the conditions precedent to invoking the provisions of Paragraph 14;

In support of this Response to Motion to Dismiss As to the Skiba Defendants, Vomaris submits the following Memorandum of Point and Authorities, and attached Exhibits "1" – "5" which are incorporated by this reference.

Dated this 29th day of August, 2019

**SHERMAN & HOWARD L.L.C.**

By: *s/ Brian M. Mueller*
    Brian M. Mueller
    7033 E. Greenway Pkwy; Suite 250
    Scottsdale, AZ 85254

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging that the Court does not have jurisdiction to hear the claims asserted against the Skibas. In deciding a challenge to its jurisdiction, courts may weigh the evidence presented, and determine the facts in order to evaluate whether they have power to hear the case. See Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) and Steen v. John Hancock Mutual Life Insurance Co., 106 F.3d 904, 910 (9th Cir. 1997) ("Usually,

a district court is free to hear evidence regarding jurisdiction and to resolve factual disputes in determining whether it has jurisdiction over a claim").

**I.     Factual Background.**

The facts in this case are perplexing.

The Complaint was filed June 26, 2019.  During a teleconference between counsel on July 18, 2019, counsel for Vomaris suggested early mediation of the dispute.   In an email the next day, the attorney for the Skibas wrote:

> Thank you again for your time and insight during our "meet and confer" teleconference call yesterday.  As we discussed informally near the end of our conversation (and not as a part of the "meet and confer"), I have raised and discussed your suggestion for an early mediation with representatives for each of the Defendants, and they have advised me that they are open to participating in an early mediation involving all parties commencing promptly and in good faith in an attempt to achieve an early resolution of all or any portion of the claims at issue.  Please advise as to how and when your clients would propose to proceed.
>
> *                    *                    *
>
> 6.     You have advised us that, at present, Vomaris does not intend formally to demand mediation or mandatory arbitration respecting any or all of the claims against any party Defendants in this case.  Accordingly, you advised that Plaintiffs do not envision the need for a stay (as to any party or claim) pending the outcome of arbitration, inasmuch as arbitration is not currently envisioned by your clients.

(See email from Stephen Mosier to Brian Mueller, dated July 17, 2019 attached as Exhibit "1").

In reliance upon the acceptance of early mediation by all defendants, Vomaris' attorney responded with "Do you have any suggestions regarding mediators?....Unless you think it is absolutely necessary, I prefer to hold off incurring the fees and costs associated with completing the items identified in your email to see if we can schedule

3

50602941.1

and conduct the mediation in the near future." (See email from Brian Mueller to Stephen Mosier, dated July 19 attached as Exhibit "1").

The Skibas' attorney again confirmed the agreement for mediation on July 22, 2019. "My clients and the remaining defendants are amenable to attempting an early mediation of this matter…..Noone (sic) wants to expend funds in the meantime, pending the mediation, most especially needlessly." (See email from Stephen Mosier to Brian Mueller, dated July 22, 2019 attached as Exhibit "1").  He went on to request an extension to Answer on behalf of defendants Ion Sportswear and Lone Hill. Id.  IN consideration of the agreement to mediate, Vomaris' attorney agreed to the extension of time to Answer.

Thereafter, the Skibas' attorney suggested Allan Sternstein, a U of A Law School professor as a mediator. (See email from Stephen Mosier to Brian Mueller, dated July 26, 2019 attached as Exhibit "2."). Because a U 0f A official in on the Vomaris Board of Directors, Professor Sternstein wasn't acceptable.

Thereafter, the Skibas' attorney suggested retired Judge Carmine Cornelio, which was accepted by Vomaris, with the cost to be split amongst the parties. (See email from Stephen Mosier to Brian Mueller, dated August 6, 2019 attached as Exhibit "3"). There is now a mediation set for September 26, 2019 with Judge Cornelio. (See email from Carmine Cornelio, dated August 13, 2019 attached as Exhibit "4.').

However, the Skibas refuse to participate in this mediation with Judge Cornelio unless or until the Complaint is dismissed as to them. (See email from Stephen Mosier to Brian Mueller, dated August 6, 2019 attached as Exhibit "5"). They contend that their participation "is dependent upon Vomaris first coming into compliance with the alternative dispute resolution provisions set forth in the employment agreement which is attached to the Complaint." Id.

4

50602941.1

In other words, the Skibas will not participate in the September 26th mediation because no mediation has yet been scheduled and conducted for the very same issues and disputes!

Against that backdrop, the legal issues are relatively simple.

## II.     The Skibas Waived Paragraph 14 – Alternative Dispute Resolution

The Motion argues that the Court does not have subject matter jurisdiction over this matter because of paragraph 14 in the Employment Agreement between plaintiff Vomaris Innovations, Inc. and defendant Jeffry Skiba.  (See Exhibit "A" to the Complaint).  Paragraph 14 is titled **"DISPUTE RESOLUTION,"** with subparagraph (a) discussing mediation and (b) discussing arbitration.  According to the Motion, the parties are bound to "binding arbitration, as the sole means (exclusive of litigation) of resolving" the allegations in the Complaint.  (See the Motion at p. 1).

"Arbitral jurisdiction is rooted in the consent of the parties." Three Valleys Municipal Water District v. E.F. Hutton & Co., 925 F.2d 1136, 1140 – 41 (9th Cir. 1991). To that end, it has long been held that the right to arbitration, like any other contract right, can be waived.  See, e.g., Magallanes Investment, Inc. v. Circuit Systems, Inc., 994 F.2d 1214, 1217 (7th Cir. 1993); American Locomotive Co. v. Gyro Process Co., 185 F.2d 316, 318 (6th Cir. 1950) ("We stated on the former appeal that the contract right of arbitration could be waived, and we adhere to that conclusion."); and Cornell & Co., v. Barber & Ross Co., 360 F.2d 512, 513 (D.C. Cir. 1966)(Once having waived the right to arbitrate, that party is necessarily "in default in proceeding with such arbitration.").

Once waived, the contractual right to arbitration is extinguished.  See, American Locomotive Co. v. Gyro Process Co., 185 F.2d 316, 318 (6th Cir. 1950) ("Section 4 of the Act merely provides the procedure for enforcing the right provided by the contract. If that right, although originally existing, has been lost so that it no longer exists, there is nothing for Section 4 to enforce.").

50602941.1

Waiver is the intentional relinquishment or abandonment of a known right.  See e.g., U.S. v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005).  In this case, the Skibas clearly knew of their rights under paragraph 14 because it was discussed by their counsel in his email dated July 17, 2019.

> 6.   You have advised us that, at present, Vomaris does not intend formally to demand mediation or mandatory arbitration respecting any or all of the claims against any party Defendants in this case.  Accordingly, you advised that Plaintiffs do not envision the need for a stay (as to any party or claim) pending the outcome of arbitration, inasmuch as arbitration is not currently envisioned by your clients.

(See email from Stephen Mosier to Brian Mueller, dated July 17, 2019 attached as Exhibit "1").

Thereafter, the Skibas waived their rights under paragraph 14 by agreeing to the early mediation suggested by Vomaris without compliance with the various paragraph 14 procedures.  "My clients and the remaining defendants are amenable to attempting an early mediation of this matter…..Noone (sic) wants to expend funds in the meantime, pending the mediation, most especially needlessly."  (See email from Stephen Mosier to Brian Mueller, dated July 22, 2019 attached as Exhibit "1").

Having waived their paragraph 14 rights to arbitration, there is nothing for the Court to enforce, and nothing that divests the Court of its subject matter jurisdiction.

**III.   The Skibas Have Not Satisfied the Paragraph 14 Conditions Precedent.**

In the event that the Court does not find a waiver by the Skibas, then the Skibas have the burden to show that they have satisfied all the conditions precedent to invoke the paragraph 14 "Dispute Resolution" rights.  It is elementary that conditions precedent are acts or events that arise subsequent to the formation of a contract that must occur before there is a right to immediate performance and before there can be a breach of a contractual duty. See, e.g., EEOC v. Pierce Packing, 669 F.2d 605, 607 (9th Cir. 1982)

50602941.1

("There are several conditions precedent, however, that the agency must satisfy before it may bring suit.") and <u>Lane v. Amoco Corp.</u>, 133 F.3d 676, 677-78 (9th Cir. 1998).   .

If the Skibas have not satisfied all of the conditions precedent, then they do not have any contractual rights under paragraph 14, and the Motion fails as a matter of law.

It is undisputed that the Skibas have not satisfied ANY of the conditions precedent necessary to invoke their contractual rights to require arbitration in place of this lawsuit.

For example:

Paragraph 14 (a). "Any and all disputes arising under, pertaining to, or touching upon this Agreement, or the statutory rights or obligations of either party hereto, will, <u>if not settled by negotiation</u>, be subject to non-binding mediation before an independent mediatory selected by the parties pursuant to Section 14d." (emphasis added)

No rights arise under paragraph 14 unless the Skibas first attempt to settle any and all disputes "by negotiation." The Skibas have not engaged in any negotiation regarding the merits of the allegations contained in the Complaint.

Paragraph 14 (a). "Any demand for mediation will be made in writing and served upon the other party to the dispute, by certified mail return receipt requested, at the address specified in Section 16.

The demand will set forth with reasonable specificity the basis of the dispute and the relief sought." The Skibas have not made the required demand which is a condition precedent to contractual rights under paragraph 14.

Paragraph 14 (d). "The parties will select the mediator and arbitrator from a panel list made available by the AAA."

The Skibas have not made any contact with the AAA or solicited a panel list of mediators.

50602941.1

Paragraph 14 (b). "In the event that the dispute is not settled through mediation, the parties will then proceed to binding arbitration before an independent arbitrator selected pursuant to Section 14 (d)."

The Motion is premised upon the argument that the Court lacks subject matter jurisdiction because of the existence of a "binding, compulsory arbitration" clause. (See the Motion at p. 1).[1] However, under the plain terms of paragraph 14 (b), the Skibas right to arbitration, at best, does not arise until after "the dispute is not settled through mediation." Clearly, a condition precedent to any right to arbitration is an unsuccessful mediation. Until the Skibas satisfy that condition precedent, they do not possess any arbitration rights, and this Court has subject matter jurisdiction over this matter.

Paragraph 14 (b) "EXCEPT AS PROVIDED IN SECTION 14(a) ALL DISPUTES INVOLVING ALLEGED UNLAWFUL EMPLOYMENT DISCRIMINATION, TERMINATION BY ALLEGED BREACH OF CONTRACT OR POLICY, OR ALLEGED EMPLOYMENT TORT COMMITTED BY THE COMPANY OR A REPRESENTATIVE OF THE COMPANY, INCLUDING CLAIMS OF VIOLATIONS OF FEDERAL OR STATE DISCRIMINATION STATUTES OR PUBLIC POLICY, WILL BE RESOLVED PURSUANT TO THIS SECTION 14 AND THERE WILL BE NO RECOURSE TO COURT, WITH OR WITHOUT A JURY TRIAL."

It is well settled that courts will construe a contract so as to give effect to all of its provisions. New Pueblo Construction Inc. v. Lake Patagonia Rec. Association, 12 Ariz. App. 13, 467 P.2d 88, 92 (1970). Courts do not construe one provision in a contract so as to render another provision meaningless. Tucker v. Byler, 27 Ariz. App. 704, 558

---

[1] The Motion repeatedly uses the word "compulsory" in describing paragraph 14. The word "compulsory" does not appear in paragraph 14.

P.2d 732, 735 (1976).  Where there is an inconsistency between two provisions in a contract, Courts will construe the more specific provision to qualify the more general provision.  Brisco v. Meritplan Insurance Co., 132 Ariz. 72, 643 P.2d 1042, 1045 (Ct. App. 1982).

By specifically identifying certain claims as having "no recourse to court, with or without a jury trial," paragraph 14 necessarily implies that all other claims DO have a recourse to court.  If that were not true, then there would be no point to the quoted language.

The Complaint does not contain any of the claims identified in the quoted language above.  As a result, the Court has subject matter jurisdiction over them, thus requiring the denial of the Motion.

**IV.    The Skibas Fiduciary Duty Arises As a Matter of Law, Not Contract.**

The Motion argues that all of the claims against the Skibas fall within the scope of paragraph 14 – "Any and all disputes arising under, pertaining to, or touching upon this Agreement, or the statutory rights or obligations of either party hereto."

However, Count Four of the Complaint is a claim for breach of fiduciary duty. The fiduciary duty owed by Jeffry Skiba arose as a matter of law because of his position with Vomaris, and not as a result of the Employment Agreement.  See, e.g, Restatement (Third) of Agency § 1.01 cmt. e (2006) ("The agency relationship creates the agent's fiduciary obligation as a matter of law." As a result, a breach of fiduciary duty is not dependent on a contract.  Id. §1.01 cmt.  See, ., Lewin v. Miller Wagner & Co., Ltd., 151 Ariz 29, 725 P.2d 736, 743 (Ct. App. 1986) (While a Stockholder and Warrantholder Consent gives rise to the requirement to exercise fiduciary duties, "th[e] legally imposed duty exists separate and apart from the contract giving rise to the duty.").

Thus, the Motion necessarily fails as to Count Four because the Skibas do not have any paragraph 14 rights as to that claim for breach of fiduciary duty.

## V. Conclusion.

The Motion claims that the Court does not have any subject matter jurisdiction over the Skibas because of the alternative dispute provisions of paragraph 14. However, the Motion fails because (i) the Skibas waived paragraph 14; (ii) the Skibas have not satisfied the conditions precedent for invoking paragraph 14; and (iii) claims remain even after paragraph 14 which give the Court continuing subject matter jurisdiction.

Accordingly, Vomaris requests that the Court deny the Motion.

Dated:  August 29, 2019

**SHERMAN & HOWARD L.L.C.**

By: *s/ Brian M. Mueller*
Brian M. Mueller
7033 E. Greenway Pkwy; Suite 250
Scottsdale, AZ 85254

*Attorneys for Plaintiffs Vomaris Wound Care, Inc. and Vomaris Innovations, Inc.*

50602941.1

# CERTIFICATE OF SERVICE

ORIGINAL of the foregoing e-filed with the Court this 29th day of August, 2019

With a copy of the foregoing e-delivered through ECF system this 29th day of August, 2019 to:

Stephen B. Mosier
Nicholas A. Bielat
Hayes Soloway P.C.
4640 E. Skyline Drive
Tucson, Arizona 85718

Nicholas Anthony Bielat
Hayes Soloway PC
4640 E. Skyline Drive
Tucson, AZ 85718

Attorney for Defendants


s/Lori Hinkel

50602941.1